Keith A. MIRA, Petitioner-Appellant,

v.

Ronald C. MARSHALL,
Respondent-Appellee.

No. 85–3968.

United States Court of Appeals,
Sixth Circuit.

Sept. 29, 1986.

Paul Mancino Jr., Cleveland, Ohio, for petitioner-appellant.

Cordelia A. Glenn, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before KENNEDY and MARTIN, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

Petitioner-appellant Keith A. Mira ("petitioner") appeals the District Court's denial of his petition for a writ of habeas corpus. We affirm the District Court's judgment.

Petitioner was indicted by the January, 1982 term of the Hancock County, Ohio, Grand Jury, which charged him with "committing a theft offense as defined in Section 2913.01 of the Revised Code, hav(ing) under his control a deadly weapon as defined in Section 2923.11 of the Revised Code, to-wit: a shot gun." Joint Appendix at 24. A jury found petitioner guilty as charged in the indictment. The trial court sentenced petitioner to a prison term of 7 to 25 years.

On March 7, 1985, after exhausting all of his state remedies, petitioner filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Ohio. On August 8, 1985, Magistrate James Carr filed a report with the District Court recommending denial of the petition. On October 17, 1985, the District Court issued an order adopting the report of the Magistrate and denying the petition. On November 21, 1985, the District Court denied petitioner's motion for certificate of probable cause. This Court granted the certificate on January 30, 1986. This appeal followed.

## I.  DE NOVO REVIEW

Petitioner argues that the District Court erred in not granting *de novo* review of his objections to the Magistrate's report. Petitioner made a blanket objection to the Magistrate's report and recommendation, stating: "The undersigned objects to each and every finding of the Magistrate and requests that the court conduct a *de novo* review of the record." Joint Appendix at 118. Petitioner then stated somewhat more specific objections to the District Court's failure to appoint counsel, and the state court's instructions to the jury on circumstantial evidence and on the elements of the offense of theft under Ohio law, concluding with: "Petitioner also objects to the other findings and recommendations of the Magistrate and requests that the court conduct a *de novo* review of the record." Joint Appendix at 121. The District Court adopted the Magistrate's report as the order of the Court, noting that: "The substance of [petitioner's] objection already has been addressed by the Magistrate. Further, [petitioner] fails to raise any new issues which might properly be addressed by this Court. Thus, [petitioner's] objections do not warrant *de novo* review." Joint Appendix at 123.

■ Title 28 U.S.C. § 636(b)(1) provides for *de novo* review of those portions of a magistrate's report or recommendations to which objections have been made by any party. However, the district court need not provide *de novo* review where the objections are "[f]rivolous, conclusive or general." *Nettles v. Wainwright,* 677 F.2d 404, 410 n. 8 (5th Cir.1982). The parties have "the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* at 410 (footnote omitted); *see also United States v. Slay,* 714 F.2d 1093, 1095 (11th Cir.1983), *cert. denied,* 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984).

■ Furthermore, the only issues raised by petitioner are legal ones. "[D]e novo determination refers only to matters involving disputed facts." *Gioiosa v. United States,* 684 F.2d 176, 179 (1st Cir.1982); *see*

**638**

*also United States v. Southern Tanks, Inc.,* 619 F.2d 54, 56 (10th Cir.1980). Thus, petitioner was not harmed by the District Court's failure to grant *de novo* review.

## II. FAILURE TO APPOINT COUNSEL

■ In filing his petition for writ of habeas corpus, petitioner moved that he be granted leave to proceed in forma pauperis and that counsel be appointed to represent him. The District Court granted the motion to proceed in forma pauperis, but did not rule on the motion for appointment of counsel for petitioner, who was represented by counsel. Petitioner also requested appointment of counsel in the course of his objections to the Magistrate's report; the Court did not rule on this matter. Petitioner contends that the District Court erred in failing to appoint counsel to represent him in these proceedings.

The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *See* 18 U.S.C. § 3006A(g); *Schultz v. Wainwright,* 701 F.2d 900, 901 (11th Cir.1983); *Norris v. Wainwright,* 588 F.2d 130, 133 (5th Cir.), *cert. denied,* 444 U.S. 846, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979); *LaClair v. United States,* 374 F.2d 486, 489 (7th Cir.1967). Petitioner makes no showing of how he was harmed by the District Court's failure to appoint counsel. Moreover, petitioner did in fact have representation of counsel throughout these habeas corpus proceedings. Thus, we find that the District Court did not abuse its discretion by refusing to appoint counsel for petitioner. We suggest, however, that there should have been a ruling on the motion.

## III. INSTRUCTION RE CIRCUMSTANTIAL EVIDENCE

Petitioner claims that the trial court erred in not instructing the jury at the proper time on the law regarding circumstantial evidence. The trial court charged the jury at the beginning of the trial; petitioner contends that the court should have given the charge at the close of trial.

Ohio Rev.Code Ann. § 2945.10(G) (Anderson 1982) provides that: "The court, after the argument is concluded and before proceeding with other business, shall forthwith charge the jury.... The court may deviate from the order of proceedings listed [above]." The Ohio Supreme Court, in interpreting this section, stated:

> Any decision to vary the order of proceedings in R.C. 2945.10 is within the sound discretion of the trial court, and any claim that the trial court erred in following the statutorily mandated order of proceedings must sustain a heavy burden to demonstrate the unfairness and prejudice of following that order.

*State v. Jenkins,* 15 Ohio St.3d 164, 165, 473 N.E.2d 264, 270 (1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 3514, 87 L.Ed.2d 643 (1985) (paragraph eleven of the syllabus) (citing *State v. Bayless,* 48 Ohio St.2d 73, 103, 357 N.E.2d 1035, 1075 (1976), *vacated in part,* 438 U.S. 911, 98 S.Ct. 3135, 57 L.Ed.2d 1155 (1978)).

■ Petitioner failed to show that he was prejudiced in any way by the trial court's decision to alter the timing of the instructions. Moreover, the United States Supreme Court has held that before a federal court may overturn a state conviction because of an instruction, " 'it must be established not merely that the instruction is undesirable, erroneous, or even "universally condemned," but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment.' " *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974) (quoting *Cupp v. Naughten,* 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973)). No such showing was made here. Thus, we find no error.

## IV. INSTRUCTION RE ELEMENTS OF OFFENSE

■ Petitioner alleges that the trial court denied him due process by failing to instruct the jury on all of the elements of

the offense. Petitioner failed to object to the court's instruction before the jury retired to consider its verdict, as required by Rule 30(A) of the Ohio Rules of Criminal Procedure. As the Magistrate noted, *see* Joint Appendix at 116–17, petitioner has made no attempt to show cause and prejudice for his failure to have made a timely objection before the instruction was given to the jury, *see Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594, *reh'g denied*, 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 163 (1977); *Payne v. Rees*, 738 F.2d 118 (6th Cir.1984), and so his claims for an evidentiary hearing on this issue are unsupported.

■ Moreover, the instruction did not impose any constitutional violation. Though the instruction did not explicitly inform the jury that, under Ohio law, one of the elements of theft is that the act be undertaken without the consent of the owner, *see* Ohio Rev.Code Ann. § 2913.02 (Anderson Supp.1985), that meaning was sufficiently clear.

## V. SUFFICIENCY OF INDICTMENT

■ Petitioner alleges that he was denied due process of law because the indictment did not allege all of the elements of the offense of aggravated robbery. He claims that the indictment was insufficient since it did not allege that the act was done knowingly, an element of the offense under the law. An indictment which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings. *See Blake v. Morford*, 563 F.2d 248, 250 (6th Cir.1977), *cert. denied sub nom., Blake v. Thompson*, 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978): *Combs v. Tennessee*, 530 F.2d 695, 698–99 (6th Cir.), *cert. denied*, 425 U.S. 954, 96 S.Ct. 1731, 48 L.Ed.2d 198 (1976). The indictment here had sufficient information to provide petitioner with adequate notice and the opportunity to defend and protect himself against future prosecution for the same offense.

Any other deficiencies in the indictment alleged by petitioner are solely matters of state law and so not cognizable in a federal habeas proceeding. *See Combs*, 530 F.2d at 699; *Bell v. Arn*, 536 F.2d 123, 125 (6th Cir.1976).

## VI. SUFFICIENCY OF EVIDENCE

■ Petitioner contends that the evidence was insufficient to convict him of aggravated robbery under Ohio law.

The constitutional standard for reviewing the sufficiency of the evidence in habeas cases was set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, *reh'g denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979): "[T]he relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) We find that the evidence here, though circumstantial, was sufficient to satisfy this standard.

## VII. SENTENCING

■ Petitioner contends that he was denied due process of law when the trial court sentenced him to the maximum term of imprisonment without presentence investigation.

Petitioner was convicted of a first degree felony. He had no prior conviction record. His sentence of 7 to 25 years was within the statutory guidelines set forth in Ohio Rev.Code Ann. § 2929.11(B)(1)(a) (Anderson Supp.1985). "As a general rule, a federal court will not review state sentencing determinations that fall within statutory limits." *Williams v. Duckworth*, 738 F.2d 828, 831 (7th Cir.1984), *cert. denied*, 469 U.S. 1229, 105 S.Ct. 1229 (1985) (citing *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980)). Moreover, under Rule 32.2 of the Ohio Rules of Criminal Procedure, presentence investigation is required in felony cases only when the court is granting pro-

bation. Thus, petitioner has made no showing that the sentence imposed violated his due process rights.

## VIII.

Accordingly, petitioner's petition for writ of habeas corpus is denied.