937 F.2d 609
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James MYLES, Jr., Petitioner-Appellant,
v.
Eric C. DAHLBERG, Warden, Respondent-Appellee.
 No. 90-3281.
 United States Court of Appeals, Sixth Circuit.
 July 16, 1991.
 
 Before RALPH B. GUY, JR. and BOGGS, Circuit Judges, and BERTELSMAN, District Judge.
 PER CURIAM.
 
 
 1
 The petitioner, James Myles, was convicted of murder and is currently held in an Ohio penal institution. He filed a petition for a writ of habeas corpus with the United States District Court for the Northern District of Ohio. The district court denied the petition, and we now affirm.
 
 
 2
 At the time of the murder, Myles was employed as a bouncer in a Cleveland restaurant/bar known as the Derby Grill. On the night in question, Greg Toles entered the Derby Grill, accompanied by Myles's former cohabitant, Linda Pena. Apparently, Myles was still carrying a torch for Pena, because Myles became disturbed by their presence in the bar. Toles, who came to the bar equipped with a small handgun, ordered a beer and then approached Myles to ask if he was the one responsible for a prior incident in which Toles's tires had been slashed. The two had words, but the dispute did not erupt into actual violence until later that evening.
 
 
 3
 Before closing the bar for the night, Myles offered to purchase one last round of drinks for all. Toles and Pena both refused this offer. Myles entered the kitchen, where he asked a barmaid where the bar gun was stored. Unfortunately, she gave him this information. Evidently quite distressed by the whole affair, Myles began to pound his own head against the wall. As Toles prepared to leave the bar, he pulled something out of his pocket that one witness believed might be car keys. Several witnesses, including Linda Pena and a number of bystanders in the bar, testified as to what happened next. With the exception of Myles, everyone agreed on the basic outline of events. Sheila Brown heard Myles yell "nigger you will never embarrass me again!" Myles then shot Toles, and Toles fell to the floor. According to Marvin Lucas, Myles walked around the bar again, saying "mother fucker, now you are going to die," and shot Toles again. Though mortally wounded, Toles somehow managed to rise and stagger outside, where he fell to the ground and expired on a nearby lawn. Myles conscripted the barmaid to assist him in cleaning up, and then fled the scene. There are some minor discrepancies among the witnesses regarding the exact wording of Myles's statements, but all of the witnesses (again, with the exception of Myles) agreed on the basic outline of events and on the gist of Myles's hostile statements toward the victim.
 
 
 4
 At trial, Myles testified in his own defense. He admitted that he shot Toles but claimed to have done so in self defense. He claimed that Toles drew a gun. No witness saw Toles pull a gun, but some of the evidence did corroborate Myles's story, at least indirectly. Toles had a gun on his person, and the barmaid did say that she saw him pull something out of his pocket, though she could not say for sure that it was a gun. Nonetheless, the other witnesses testified that they saw nothing.
 
 
 5
 Myles challenges the sufficiency of the evidence, arguing that a number of the witnesses were not credible. Whatever the merits of his arguments, they were rejected by the jury, and it is not our role to stand in their shoes. On habeas review, we are concerned only with "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781 (1979) (emphasis in original). We believe that a rational trier of fact could have resolved the disputed issues in this case against Myles.
 
 
 6
 Myles also raises a Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712 (1986), challenge to the exclusion for cause of the only black juror eligible to sit on the jury. Ohio claims that Batson doesn't apply, since it dealt only with peremptory challenges rather than challenges for cause. We have not yet addressed the issue of how (or if) Batson applies to challenges for cause. Even if we were to assume, arguendo, that Batson and its progeny do apply here, the proffered rationale for the challenge would first need to be shown to be pretextual. In this case, the proffered cause was more than adequate to overcome any reasonable burden. The juror who was eliminated knew the defendant (who used to live in the apartment downstairs from her), lived across the street from the Derby Grill, and actually saw the body of the victim as it was removed from the scene. She also stated that she would have difficulty crediting testimony that differed from her recollection of events. The court justifiably believed that her preexisting knowledge of the events and people in question would erode her ability to base her verdict on the admissible evidence presented in the courtroom. There is simply no reason to believe that this dismissal was motivated by racial animus on the part of the judge or that the trial court's stated reasons were pretextual.
 
 
 7
 Myles's claim that his counsel was ineffective is similarly flawed. He claims that his lawyer should have kept the above juror on the jury. Just because a lawyer loses on a point does not mean that the lawyer was "ineffective" for constitutional purposes. In order to prevail on a habeas claim for ineffective assistance of counsel, a defendant must "affirmatively prove prejudice." Strickland v. Washington, 466 U.S. 668, 693, 104 S.Ct. 2052, 2067 (1984). As we conclude that there was no error, there was no prejudice.
 
 
 8
 Finally, Myles claims that he should have been given a transcript and a lawyer. This last claim is also without merit. Prisoners have no right to be provided with a free lawyer or a transcript on collateral review. See Mira v. Marshall, 806 F.2d 636 (6th Cir.1986).
 
 
 9
 For the above reasons, the district court's decision denying the petition for a writ of habeas corpus is AFFIRMED.