991 F.2d 793
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Allen WILSON, Petitioner-Appellant,
v.
ATTORNEY GENERAL OF THE STATE OF MARYLAND; C. W. Smith,
Maryland Penitentiary, Respondents-Appellees.
 No. 92-6552.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 2, 1992
Decided: April 20, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. M. J. Garbis, District Judge. (CA-91-2430-MJG)
 Allen Wilson, Appellant Pro Se.
 John Joseph Curran, Jr., Attorney General, Gwynn X. Kinsey, Jr., Assistant Attorney General, for Appellees.
 D.Md.
 DISMISSED.
 Before WIDENER, HALL, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Allen Wilson, a Maryland prisoner, seeks to appeal the order of the district court adopting the report and recommendation of the magistrate judge and dismissing his petition under 28 U.S.C. § 2254 (1988). We deny a certificate of probable cause to appeal and dismiss the appeal.
 
 
 2
 The magistrate judge found that the Respondents had properly pled abuse of the writ under the framework set forth in McCleskey v. Zant, 59 U.S.L.W. 4288 (U.S. 1991), and recommended that relief be denied on that basis. Wilson was sent forms notifying him of the recommended disposition and specifically directing him to address the abuse of the writ issue. Completed responses were filed by Wilson within the time period allowed for filing objections to the report and they were treated as objections. Both forms addressed the claims underlying Wilson's petition, and did not respond to the abuse issue.
 
 
 3
 The district court adopted the magistrate judge's report before the time period for filing objections had elapsed and before Wilson's second objection had been received by the court; the court was thus unable to perform de novo review of the second objection. We find that any error in failing to accord de novo review to the second objection was harmless.
 
 
 4
 De novo review is not required where objections are frivolous, conclusive, or general. See Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982). Because Wilson "objected" to issues which had not even been addressed in the report, his objections were frivolous. Consequently, de novo review was not required and therefore the apparent failure of the district court to have addressed the second objection was harmless error. In addition, a review of the record reveals that Wilson's claims were properly dismissed as abusive.
 
 
 5
 Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED