52 F.3d 324
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Kent E. APPLEMAN, Petitioner-Appellant,
v.
Melody L. TURNER, Warden, Respondent-Appellee.
 No. 94-3912.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1995.
 
 1
 Before: KENNEDY and MILBURN, Circuit Judges; and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Kent E. Appleman appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial in the Muskingum County, Ohio, Court of Common Pleas in March 1992, Appleman was convicted of aggravated robbery. Appleman was sentenced to 10 to 25 years of imprisonment. Two motions for a new trial were denied by the trial court following an evidentiary hearing, and the Ohio Court of Appeals subsequently affirmed Appleman's conviction on direct appeal. The Ohio Supreme Court denied Appleman's motion for leave to appeal. Thereafter, the Ohio Court of Appeals denied a motion to reopen Appleman's direct appeal, and the Ohio Supreme Court affirmed the judgment.
 
 
 4
 Next, Appleman filed the instant petition for a writ of habeas corpus in the district court alleging that: (1) he was given ineffective assistance of appellate counsel; (2) references at trial to petitioner's "mug shot" unduly suggested a criminal history to the jury; (3) petitioner's motions for a new trial were improperly denied by the state courts; and (4) the state failed to prove that the firearm used in the robbery was operable. Respondent filed a return of the writ, and petitioner filed a traverse. The district court dismissed the petition as without merit and granted petitioner a certificate of probable cause to appeal. Upon consideration, we affirm the judgment of the district court in part for the reasons given by the district court and in part for reasons somewhat different than those stated by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 5
 First, the district court properly concluded that petitioner did not fairly present his claims (that references at trial to petitioner's "mug shot" unduly suggested a criminal history to the jury and that his motions for a new trial were improperly denied) to the state courts in a manner which alerted the state courts to federal constitutional claims. See Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir.), cert. denied, 113 S.Ct. 3001 (1993); Riggins v. McMackin, 935 F.2d 790, 792-93 (6th Cir.1991); Shoultes v. Laidlaw, 886 F.2d 114, 117 (6th Cir.1989). Petitioner is now barred from asserting these claims in the state courts, see Ohio Rev.Code Sec. 2953.21; State v. Cole, 443 N.E.2d 169, 171 (Ohio 1982); State v. Perry, 226 N.E.2d 104, 105 (Ohio 1967), and petitioner has not shown cause and prejudice for his failure to present these claims. See Teague v. Lane, 489 U.S. 288, 298-99 (1989); Murray v. Carrier, 477 U.S. 478, 488 (1986); Riggins, 935 F.2d at 793. Moreover, petitioner's claim of actual innocence does not entitle him to habeas corpus relief absent an independent constitutional violation in the criminal proceeding. See Herrera v. Collins, 113 S.Ct. 853, 860 (1993). Careful examination of the record in this case reveals no constitutional violation.
 
 
 6
 Further, petitioner's claim that the state failed to prove that a firearm used in the robbery was operable is plainly meritless. Such proof is not required under Ohio law. State v. Vondenberg, 401 N.E.2d 437, 439-40 (Ohio 1980); see also State v. Gaines, 545 N.E.2d 68, 71 (Ohio 1989). Finally, petitioner's claim that he was rendered ineffective assistance of appellate counsel because counsel failed to challenge the adequacy of petitioner's indictment is likewise without merit. See Mira v. Marshall, 806 F.2d 636, 639 (6th Cir.1986) (per curiam).
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, United States District Judge for the Middle District of Tennessee, sitting by designation