54 F.3d 778
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Daisy Helen WARTH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-6380.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1995.
 
 1
 Before: BOGGS and NORRIS, Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 Daisy Helen Warth, a pro se federal prisoner, appeals a district court order dismissing her motion to vacate, set aside, or correct her sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 On September 30, 1991, Warth pleaded guilty to conspiracy to rob a federally insured bank, aiding and abetting a bank robbery, and aiding and abetting the use of firearms during a crime of violence. Additionally, Warth entered into a "Stipulation in Aid of Sentencing" which provided, inter alia, that it was reasonably foreseeable to all defendants (the robbery was executed by her three codefendants) that destructive devices were to be possessed during the robbery and that a person would be physically restrained to facilitate a codefendant's escape. Warth was, accordingly, convicted of those counts and was sentenced on November 25, 1991, to a total of 147 months in prison, 3 years of supervised release, and $425 restitution. A fourth charge of aiding and abetting the use of destructive devices, was dismissed. A panel of this court affirmed Warth's conviction on appeal. See United States v. Burchett, Nos. 91-6402, etc., 1993 WL 369161 (6th Cir. Sept. 21, 1993) (per curiam).
 
 
 4
 In her motion to vacate, Warth presented 27 grounds for relief, many of them repetitive or patently baseless, and filed a lengthy memorandum of law in support of her Sec. 2255 motion. In a report filed on August 3, 1994, the magistrate judge recommended that the restitution should be directed to be paid jointly and severally by all defendants, but otherwise found no merit in Warth's motion and recommended that it be denied. Warth filed specific objections to certain issues. Nonetheless, in a consolidated order which also disposed of the Sec. 2255 motions filed by Warth's husband and son, the district court adopted the magistrate judge's report and recommendation, ordered restitution to be payable jointly and severally, and dismissed Warth's motion with prejudice. Her judgment of conviction was amended the same day to reflect the change in restitution.
 
 
 5
 On appeal, Warth continues to argue that (1) the four-level enhancement for the Molotov cocktails was erroneously applied, (2) she received ineffective assistance of trial and appellate counsel, and (3) she should receive an additional one-level reduction for acceptance of responsibility. In addition, she raises new issues of erroneous enhancement of her sentence due to a high-speed chase and the taking of a hostage. She requests oral argument, the appointment of counsel on appeal, and resentencing before a different judge. Warth has also moved to supplement the appellate record with evidence of her trial counsel's recent death.
 
 
 6
 Upon review, we affirm the district court's order because Warth's sentence was not incorrectly calculated and she has not demonstrated ineffective assistance of counsel. In order to obtain relief under Sec. 2255 on the basis of a nonconstitutional error, a defendant must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S. Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028, (6th Cir.) (per curiam), cert. denied, 113 S. Ct. 2424 (1993). In order to warrant relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir. 1994) (applying Brecht to a Sec. 2255 motion to vacate).
 
 
 7
 In her objections to the magistrate judge's report, Warth challenged only those recommendations relating to the four-level enhancement for the Molotov cocktails, the search of her purse, and ineffective assistance of trial and appellate counsel. Appellate review of any issue not contained in the objections is waived. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir. 1991). See also Mira v. Marshall, 806 F.2d 636, 637-38 (6th Cir. 1986) (per curiam) (de novo review is only required of specific objections). Furthermore, the majority of Warth's grounds for relief as presented to the district court were not raised on appeal. These are considered abandoned and are not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir. 1991), cert. denied, 112 S. Ct. 1481 (1992).
 
 
 8
 Accordingly, the only issues properly before this court for review are the four-level enhancement for the Molotov cocktails, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel. Even so, because Warth could have raised the Molotov cocktail issue on direct appeal, she may not raise it in a Sec. 2255 motion unless she demonstrates cause and prejudice to excuse her failure to raise it earlier. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993). It is unnecessary to discuss cause because Warth was not prejudiced by any failure to previously raise this meritless issue.
 
 
 9
 Warth argues strenuously that she did not plead guilty to having Molotov cocktails, that she had no actual knowledge of the Molotov cocktails carried into the bank by her codefendants, and that there was no factual basis to impute them to her for the purpose of sentencing. The gasoline bombs were found to constitute relevant conduct under USSG Sec. 1B1.3. Relevant conduct includes conduct of others, whether or not charged as a conspiracy, if the conduct was both in furtherance of, and reasonably foreseeable in connection with, the criminal activity that was jointly undertaken by the defendant. See USSG Sec. 1B1.3, comment. (n.2). Findings with respect to relevant conduct are reviewed for clear error, United States v. Partington, 21 F.3d 714, 717 (6th Cir. 1994). We find no clear error in the district court's conclusion that it was reasonably foreseeable to Warth that the Molotov cocktails would be possessed during the robbery.
 
 
 10
 To establish ineffective assistance of trial counsel, Warth must show that (1) her attorney's performance was, under all of the circumstances, unreasonable under prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's errors, the result would have been different. Strickland v. Washington, 466 U.S. 668, 687-94 (1984). In a guilty plea context, the movant must satisfy the prejudice prong of this test by showing that, were it not for counsel's errors, she would not have pleaded guilty but would have insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Regardless of her attorney's performance, Warth has failed to satisfy the second prong of the Strickland test because she does not claim that, but for counsel's alleged errors, she would not have pleaded guilty but would have insisted upon going to trial.
 
 
 11
 Nor has Warth established ineffective assistance of appellate counsel. The two-part performance/prejudice standard enunciated in Strickland is applicable to claims of ineffective assistance of appellate counsel. See Bowen v. Foltz, 763 F.2d 191, 194 (6th Cir. 1985). Again, Warth has not met this standard. Even if it is accepted that Warth, rather than her counsel, filed her notice of appeal, Warth suffered no prejudice because the appeal was timely filed. Moreover, the filing of a brief and a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), does not in itself constitute ineffective assistance of counsel; this court accepted the brief and granted counsel's motion to withdraw. Warth was allowed to file a supplemental pro se brief which was considered by the panel on appeal.
 
 
 12
 Accordingly, the requests for oral argument and the appointment of counsel are denied. The motion to supplement the appellate record is granted. The district court's order, entered on October 18, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation