64 F.3d 662
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph W. BROWN, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-1131.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1995.
 
 Before: KEITH, KENNEDY and SILER, Circuit Judges.
 
 ORDER
 
 1
 Joseph W. Brown, a pro se Michigan resident, appeals a district court judgment affirming the Secretary's denial of his application for social security disability benefits. Brown moves for in forma pauperis status on appeal. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Brown filed an application for supplemental security income benefits alleging that he suffered from low back pain. Following a hearing, an Administrative Law Judge (ALJ) determined that Brown was not disabled because he had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Brown then filed a complaint seeking review of the Secretary's decision. Upon de novo review of a magistrate judge's report and over Brown's objections, the district court affirmed the denial of benefits and granted judgment to the Secretary.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The court will address only the issues raised in Brown's objections to the magistrate judge's report as these claims are the only issues properly preserved for appellate review. See Mira v. Marshall, 806 F.2d 636, 637-38 (6th Cir.1986) (per curiam).
 
 
 5
 Brown contends that the ALJ should not have relied on Dr. Ebert's report which indicated that Brown was not disabled as Dr. Ebert's report existed prior to the issuance of Brown's MRI report which showed disc herniations. However, Brown underwent a CT scan in 1987 which showed that Brown suffered from disc herniations. Despite the CT report, Dr. Ebert stated that Brown was not disabled in 1990. Therefore, Dr. Ebert knew that Brown had disc herniations prior to concluding that Brown was not disabled.
 
 
 6
 Brown argues that the ALJ did not consider his impairments in combination. However, the ALJ stated that a combination of Brown's impairments did not meet a listed impairment. Further, the ALJ's decision was made after a careful consideration of the entire record and all of Brown's impairments were discussed in the ALJ's decision. The ALJ's articulation of the evidence was sufficient to establish that the ALJ considered Brown's impairments in combination. See Gooch v. Secretary of Health & Human Servs., 833 F.2d 589, 592 (6th Cir.1987) (per curiam), cert. denied, 484 U.S. 1075 (1988).
 
 
 7
 Accordingly, we grant Brown's motion for leave to proceed in forma pauperis for the purposes of this appeal only and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.