107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Michael TRUSTY, Petitioner-Appellant,
v.
Phil PARKER, Warden, Respondent-Appellee.
 No. 96-5285.
 United States Court of Appeals, Sixth Circuit.
 Feb. 04, 1997.
 
 Before: BOGGS, BATCHELDER, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 John Michael Trusty, proceeding pro se, appeals a district court order denying his petition for a writ of habeas corpus which he filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, Trusty pleaded guilty to a charge of wanton murder, in violation of Ky.Rev.Stat.Ann. § 507.020. He was sentenced to twenty years in prison. The trial court denied Trusty's motion to vacate his sentence under Ky.R.Crim.P. 11.42, and this decision was affirmed on appeal. The state courts also denied Trusty's subsequent petition for a state writ of habeas corpus.
 
 
 3
 In 1995, Trusty filed this federal habeas petition raising the following grounds in support: (1) his trial counsel rendered ineffective assistance; (2) the trial court erroneously granted his counsel's motion to amend the indictment; (3) the state court erroneously denied him an evidentiary hearing on his Rule 11.42 motion; and (4) state officials and police officers coerced his confession to the murder. A magistrate judge recommended that the petition be denied, and the district court adopted that recommendation. On appeal, Trusty reasserts these same grounds and also argues that the district court should have held an evidentiary hearing on this matter.
 
 
 4
 The district court properly denied the petition, because Trusty has not shown that the proceedings in state court resulted in his unjust confinement. Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994). Trusty's plea of guilty was valid, because it was entered into voluntarily and intelligently, as determined under the totality of the circumstances. Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). Trusty has not shown a reasonable probability that, but for his counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Warner v. United States, 975 F.2d 1207, 1214 (6th Cir.1992), cert. denied, 507 U.S. 932 (1993). Thus, Trusty's claim of ineffective assistance of counsel does not support habeas relief.
 
 
 5
 The original indictment, fairly, if not perfectly, apprised Trusty of the wanton murder charge against him and Trusty has shown no prejudice from the sufficiency of the indictment as a bar to subsequent prosecutions. Thus, habeas corpus relief is not warranted based on Trusty's claim that the trial court erred by granting his counsel's motion to amend the indictment to reflect a wanton murder charge rather than an intentional murder charge. Warner v. Zent, 997 F.2d 116, 130 (6th Cir.1993), cert. denied, 510 U.S. 1073 (1994); Mira v. Marshall, 806 F.2d 636, 639 (6th Cir.1986). To the extent Trusty contends the trial court violated state law by permitting the indictment to be amended, his argument is not cognizable in this federal habeas proceeding. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).
 
 
 6
 Trusty's claim that the state court should have afforded him an evidentiary hearing on his Rule 11.42 motion does not support habeas relief, because Trusty did not show that, by being denied a hearing, he was denied fundamental fairness in the process below. Estelle, 502 U.S. at 67-68; Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir.1993), cert. denied, 510 U.S. 1201 (1994). This court will defer to the state court's finding that Trusty's confession was not coerced because of physical threats, because Trusty failed to meet his burden of showing that this factual finding by the state court was erroneous. 28 U.S.C. § 2254(d); Sumner v. Mata, 455 U.S. 591, 597 (1982) (per curiam).
 
 
 7
 Lastly, it was not an abuse of discretion for the district court to deny Trusty an evidentiary hearing before denying his petition, because none of the eight circumstances listed in 28 U.S.C. § 2254(d) is present in this matter. McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir.1987).
 
 
 8
 Accordingly, the district court order denying Trusty's petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.