**NOT RECOMMENDED FOR PUBLICATION**
File Name: 13a0700n.06

**No. 12-2121**

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT** | | **FILED**<br>*Jul 30, 2013*<br>DEBORAH S. HUNT, Clerk |

| | | |
|---|---|---|
| ADRIAN STEVENSON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| DEBRA SCUTT, Warden, | ) | MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |

Before:  SILER, MOORE, and ROGERS, Circuit Judges.

**SILER**, Circuit Judge.  Adrian Stevenson petitioned for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction under Michigan law for first-degree criminal sexual conduct.  The district court denied his application for the writ, but granted a certificate of appealability on the two claims Stevenson raised:  (1) whether his due process notice rights were violated, and (2) whether he was deprived of effective assistance of counsel.  For the following reasons, we **AFFIRM** the district court's denial of Stevenson's petition.

I.

The key fact underlying Stevenson's two claims is that the criminal information by which he was charged referenced an ambiguous time period: "winter 2004."  Since a single winter necessarily falls within two separate calendar years, it was unclear whether the information implicated the winter of 2003-2004 or that of 2004-2005.

At trial in 2006, the victim, T.G., positively identified Stevenson as his attacker, but had trouble recalling exactly when the assault occurred, noting only that he had been eleven years old and that it had happened "in the wintertime." T.G. was born in September 1993, and, thus, did not turn eleven until September 2004. Nevertheless, the prosecutor pursued a theory at trial that the incident occurred in the winter of 2003-2004. Although defense counsel offered some evidence at trial that Stevenson lived in a different state than T.G. during the 2003-2004 winter, the jury ultimately believed T.G.'s account regarding the details of the attack. Following his conviction, Stevenson was sentenced to 45 to 180 months' imprisonment.

During appellate review, Stevenson was appointed new counsel and filed a motion for a new trial contending that his trial counsel had been ineffective for failing to substantiate his alibi defense with school attendance records. When appellate counsel obtained those records, confirming Stevenson's attendance in Pennsylvania during the 2003-2004 school year, the prosecutor asserted–contrary to the theory argued at trial–that the sexual assault actually occurred during the winter of 2004-2005. At that point, Stevenson abandoned his request for an evidentiary hearing on his ineffective-assistance claim and asserted that he was entitled to a new trial because the prosecutor's post-trial change of theory constituted a due process violation. The trial court found, despite the prosecutor's change in position, that Stevenson still had adequate notice of the charge against him because (1) "winter 2004" could refer to the winter of 2004-2005 and (2) T.G. testified that the incident occurred when he was 11 years old and in the fourth grade, pointing to the winter of 2004-2005.

Stevenson then filed an appeal in the Michigan Court of Appeals, arguing that the prosecution's post-conviction change of theory violated his due process rights and that trial counsel was ineffective for failing to investigate his alibi defense further and for failing to demand a bill of particulars. Finding that Stevenson had adequate notice of the charges and that he was not prejudiced by trial counsel's performance, the court affirmed Stevenson's convictions. *People v. Stevenson*, No. 270380, 2007 WL 4548071 (Mich. Ct. App. Dec. 27, 2007). The Michigan Supreme Court denied leave to appeal. *People v. Stevenson*, 748 N.W.2d 848 (Mich. 2008). Stevenson then filed his petition for habeas relief in the district court, raising the same two issues.

## II.

We review the district court's denial of Stevenson's habeas corpus petition de novo, *Amos v. Renico*, 683 F.3d 720, 726 (6th Cir. 2012), and its factual findings for clear error, *Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008). Since the state court decided the merits of Stevenson's habeas claims, federal habeas review is subject to the deferential standard that applies under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d). Accordingly, we may not grant the writ unless the adjudication on the merits in state court either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This provision "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

III.

Stevenson cites *Jackson v. Virginia*, 443 U.S. 307 (1979), and argues that the prosecutor's post-trial change of theory regarding the date of the offense constitutes a deprivation of his constitutional right to "notice and a meaningful opportunity to defend." *Id.* at 314. In rejecting that argument, the Michigan Court of Appeals noted that Michigan law gives wide discretion for amending a criminal information unless a defendant will be prejudiced.

> An information may be amended at any time before, during, or after trial to cure any defect, imperfection, or omission in form or substance, including a variance between the information and the proofs, as long as the accused is not prejudiced by the amendment and the amendment does not charge a new crime.

*People v. Higuera*, 625 N.W.2d 444, 453 (Mich. Ct. App. 2001) (citing Michigan Compiled Laws § 767.76). The appellate court held that Stevenson had failed to show that he was prejudiced by the prosecutor's changed position about the date of the incident. In fact, the court noted, the prosecutor's theory involving the wrong time period likely helped Stevenson, as he was able to present an alibi defense he otherwise could not have. Stevenson lived in Detroit in the same building as the victim during the winter of 2004-2005.

With respect to Stevenson's due process argument, the Michigan Court of Appeals rejected his contention that the lack of notice prevented him from forming a defense. The police report listed T.G.'s date of birth as September 13, 1993, and T.G. testified that the attack occurred when he was

11 years old and in the fourth grade. T.G. did not turn 11 until September 2004, so his testimony suggests that the incident took place in the winter of 2004-2005. At the time of his testimony at the preliminary hearing in December 2005, T.G. was 12 and in the fifth grade. Accordingly, unless T.G. had been held back in school, he would have spent the winter of 2004-2005 in the fourth grade. The Michigan Court of Appeals found that, taken collectively, these facts provided Stevenson with sufficient notice to formulate a defense.

In considering Stevenson's habeas petition, the district court rejected his argument that the state court's decision was an unreasonable application of Supreme Court precedent. Quoting *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986), the court reasoned that "[a]n indictment that 'fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings.'" *Stevenson v. Curtin*, No. 09-13358, 2012 WL 3079247, at *4 (E.D. Mich. July 30, 2012). The district court also noted that an accused's constitutional right to notice can be satisfied by other means–not just the content of an indictment or information. *Id.* While the district court was not convinced that the state court of appeals was correct about the adequacy of the notice provided to Stevenson, it nevertheless denied habeas relief because the state decision was "not so unreasonable that fairminded jurists could not disagree" regarding its correctness. *Id.* at *5.

Stevenson argues to this court that he is entitled to habeas relief because the state court's resolution of his due process claim is an unreasonable application of Supreme Court precedent. Stevenson fails to identify, however, the specific precedent on which he relies. Indeed, he cites no case with a fact pattern analogous to his own. Consequently, "[u]nder AEDPA, if there is *no* clearly

established Federal law, as determined by the Supreme Court that supports a habeas petitioner's legal argument, the argument must fail." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (internal quotation marks omitted). The arguments Stevenson does make–which are based solely on Supreme Court opinions that stand for general principles of due process–are unpersuasive. Finally, case law applying facts similar to Stevenson's case supports the denial of habeas relief. *See, e.g.*, *Valentine v. Konteh*, 395 F.3d 626, 632 (6th Cir. 2005) (noting that numerous courts, including the Sixth Circuit, have held that "fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements"). Because we cannot say the state court made an unreasonable application of Supreme Court precedent when it determined that Stevenson's due process rights had not been violated, we must affirm the district court's denial of habeas relief with respect to that issue.

IV.

Stevenson's second habeas claim relates to the same ambiguity about the timing of the offense analyzed above. He maintains that his attorney provided ineffective assistance of counsel by presenting an insufficient alibi defense and failing to ascertain the correct date of the offense. The familiar two-prong test found in *Strickland v. Washington*, 466 U.S. 668 (1984), governs ineffective-assistance-of-counsel claims. A petitioner must show both deficient performance by counsel and prejudice. *Id.* at 687. Furthermore, since we are required under AEDPA to accord high deference to a state court's application of the *Strickland* standard, the task for a habeas petitioner "is all the more difficult." *Harrington*, 131 S. Ct. at 788. Indeed, a tandem application of *Strickland* and § 2254 requires us to be "doubly deferential" because the question is not whether we believe the state

court applied *Strickland* incorrectly, but whether its application was unreasonable. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

The Michigan Court of Appeals decided Stevenson's ineffective-assistance claim solely based on *Strickland*'s prejudice prong and found none. To establish prejudice, Stevenson must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. During the trial, Stevenson's grandmother testified that he lived in Pittsburgh with his father from June 2003 until September 2004 and that, with the exception of Mother's Day 2004, he did not return to Detroit during that period. The defense also submitted Stevenson's report card from his Pittsburgh school for the 2003-2004 school year, as well as a newspaper clipping showing that he was on the school's track team. As the district court noted, it is not clear how additional school records would have altered the jury's conclusion. First, despite the evidence Stevenson supplied that he lived out of state, the jury was clearly persuaded by T.G.'s recounting of the attack. Second, the jury need not have doubted Stevenson's grandmother's testimony about where he lived in 2003-2004, because the jurors could have reasonably believed he traveled back to Detroit and committed the crime while he was residing in Pittsburgh. Finally, the attendance records proffered post-trial by Stevenson reveal multiple full-day absences–both excused and unexcused–during which the attack could have occurred. It was not unreasonable for the Michigan Court of Appeals to determine that Stevenson suffered no prejudice as the result of his trial attorney's incomplete efforts to establish an alibi.

Stevenson also criticizes his trial attorney for presenting an alibi for the wrong date. It is not clear, though, that this decision by defense counsel was even a mistake at all given that the

prosecution was operating under the impression that the incident occurred in January 2004. Thus, it was both logical and strategically reasonable for defense counsel to produce evidence that Stevenson lived out of state during January 2004. Moreover, Stevenson can demonstrate no prejudice from this "mistake" as the confusion over the time period at trial actually redounded to his benefit–allowing him to put forward an alibi defense otherwise unavailable to him.

Similarly, Stevenson's criticism of his trial attorney's decision not to seek a bill of particulars also fails to demonstrate any prejudice. Stevenson has not identified any specific defense theory he would have utilized had it been discovered earlier that the incident occurred in the winter of 2004-2005. In fact, it may have even been more likely that he would have been convicted had the jury heard evidence focusing on the 2004-2005 winter, since Stevenson lived in Detroit at that time, in the same building as the victim. The Michigan Court of Appeals' determination that Stevenson suffered no prejudice from his attorney's performance at trial is not unreasonable. Accordingly, Stevenson's ineffective-assistance-of-counsel claim fails.

**AFFIRMED.**