**Virginia Reed COOK, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. 3:00–CV–567.**

United States District Court, E.D. Tennessee, Knoxville Division.

Jan. 14, 2003.

Dale L Buchanan, Dale L. Buchanan and Associates, P.C., Chattanooga, TN, for Virginia R Cook, plaintiff.

Loretta S Harber, U S Department of Justice, Office of U S Attorney, Knoxville, TN, for Social Security Administration, Commissioner of, defendant.

### MEMORANDUM OPINION

JORDAN, District Judge.

This matter is before the court for consideration of the defendant's objections

to the magistrate's report and recommendation, issued October 28, 2002 [doc. 40]. In his report and recommendation [doc. 38], Magistrate Judge C. Clifford Shirley recommended that plaintiff's motion for attorney fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, [doc. 22] be granted in the total amount of $2,048.90.[1] Plaintiff submitted a response stating that because the defendant's fee calculation is only $11.40 less than the amount recommended by the magistrate judge, she has no objection to either the report and recommendation or defendant's objections [doc. 41]. The court's review of the report and recommendation is *de novo*. 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); *United States v. Curtis*, 237 F.3d 598, 603–04 (6th Cir.2001).

Defendant does not object to the award of attorney fees in this case but does object to certain language used by the magistrate judge regarding fees for services rendered prior to January 1, 2002, and to his calculation of the fees for services rendered prior to 2002. The language at issue from the report and recommendation is as follows:

> **Charges for attorney services rendered *before* January 1, 2002, shall be paid at the prevailing rate at that time, which was $135.00 per hour.** The hourly rate for attorney's fees under the EAJA has been $135.00 per hour since *London*. Although the Commissioner has advocated a six-month adjustment and even a monthly adjustment of the EAJA fee using the most current CPI, this Court, as Judge Edgar noted in Eaves, does not have the administrative resources to undertake such a task.

Report and Recommendation at 5 (emphasis added). Defendant contends that the language is ambiguous and subject to different interpretations, including that the $135.00 per hour rate would be applied to services in all years prior to January 1, 2002.

■ The court does not agree. The context of the report and recommendation makes clear that use of the prevailing rate of $135.00 would be limited to services rendered in 2000 and 2001, after the court's decision in *London v. Halter*, 134 F.Supp.2d 940 (E.D.Tenn.2001). In *London* this court applied the cost of living adjustment ("COLA") for the first time under the Contract with America Act of 1996 and raised the maximum hourly rate for EAJA attorney fees in this district from $125.00 to $135.00. The services at issue in *London* had been provided in calendar year 2000. The court has applied the $135.00 rate since *London*. The report and recommendation cannot be read to mean that fee petitions for services rendered prior to 2000 and to which *London* did not apply would be calculated using the $135.00 rate. The court will not apply the COLA calculation retrospectively but only to services rendered in calendar year 2000 and beyond.

The defendant Commissioner also objects to the magistrate judge's blanket application of the $135.00 rate for work performed in 2000 and 2001, contending that the rates should have been based on the cost of living when the work was performed. Defendant Commissioner also contends that it was error for the magistrate to rely on *London* for application of the $135.00 rate to services rendered in 2000 and 2001.

---

1. The first report and recommendation issued in this case recommended a total fee in the amount of $2,049.90 [doc. 31]. After discussions with counsel and a joint submission pertaining to the discussions [doc. 34], the magistrate judge issued a second report and recommendation which is presently before the court.

■ ʹPrior to *London*, the maximum hourly rate for attorney time recoverable in an EAJA case was $125.00, and that rate was applied in blanket fashion until the rate change instituted in *London*. The court declines the defendant's offer to have this court create rate tables using averages from the Consumer Price Index ("CPI"). Such resources are not available. *London* has been the prevailing law and authority for the maximum hourly rates for attorney fees and paralegal fees allowed in EAJA cases in this district since its issuance February 28, 2001, and continues to apply to services rendered in 2000 and 2001. Attorney services rendered after January 1, 2002, will be calculated using the $137.00 hourly rate set out in the report and recommendation in this case.

In summary, payment on EAJA fees shall be determined as follows:

1.  legal services rendered prior to the year 2000 shall be paid at the $125.00 per hour rate;

2.  legal services rendered in the year 2000 shall be paid at the $135.00 per hour rate;

3.  legal services rendered in the year 2001 shall be paid at the $135.00 per hour rate;

4.  legal services rendered in the year 2002 shall be paid at the $137.00 per hour rate;

5.  legal services rendered in the year 2003 shall be paid by applying the "annual average" CPI from 2002 based on the following formula:

$$\frac{x \text{ (hourly rate)}}{125} = \frac{2002 \text{ "annual average" CPI}}{100.3} \text{ and;}$$

6.  the hourly rate for legal services rendered in the years after 2003 shall be similarly adjusted and paid by applying the same formula but inserting the prior year's "annual average" CPI.

In addition, compensation for paralegal services rendered prior to January 1, 2002, shall be paid at the $45.00 per hour rate. Compensation for paralegal services rendered after January 1, 2002, shall be paid at the $46.00 per hour rate unless or until adjusted by future orders of the court.

The court finds no error in the magistrate judge's report and recommendation. Therefore, the court **ACCEPTS IN WHOLE** the report and recommendation under 28 U.S.C. § 636(b)(1) and Fed. R.Civ.P. 72(b). It is **ORDERED**, for the reasons stated in the report and recommendation, which the court adopts and incorporates into its ruling, that plaintiff's motion for attorney's fees and costs pursuant to the EAJA is **GRANTED** in the total amount of Two Thousand Forty Eight Dollars and Ninety Cents ($2,048.90).

An order reflecting this opinion will be entered.

### ORDER

For the reasons stated in the memorandum opinion filed contemporaneously with this order, defendant's objections to the magistrate's report and recommendation, issued October 28, 2002 [doc. 40] are **OVERRULED**. The court **ACCEPTS IN WHOLE** the report and recommendation [doc. 38] under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b).

It is **ORDERED**, for the reasons stated in the report and recommendation, which the court adopts and incorporates into its ruling, that plaintiff's motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), [doc. 22] is **GRANTED** in the total amount of Two Thousand Forty Eight Dollars and Ninety Cents ($2.048.90).

**IT IS SO ORDERED.**